## Taylor *v.* Martin.

### Opinion delivered December 19, 1921.

SALES—RESERVATION OF TITLE.—Where personal property was sold with reservation of title, the consideration to be paid in work to be furnished by the seller, it is a good defense, in replevin by the seller, to show that the buyer had offered to comply with the contract but the seller failed to furnish the work.

Appeal from Monroe Circuit Court; *George W. Clark,* Judge; reversed.

*C. F. Greenlee,* for appellant.

Replevin is not an action for the collection of a debt. 11 Ark. 29.

The jury erred in failing to render a verdict according to law in an action of replevin. C. &. M. Digest, §§ 8653 and 8654.

HUMPHREYS, J. This suit, in replevin, was instituted by appellee against appellant to recover three horses, particularly described, two wagons and four sets of harness, all valued at $800. The complaint alleged the ownership of the property in appellee under the terms of an oral contract of sale by appellee to appellant in which the title to the property was retained

until the purchase money should be paid by work of appellant with the teams, which payment had not been made. The answer denied appellee's ownership of the property, and alleged ownership thereof by appellant under the terms of an oral contract whereby appellant purchased the property outright for $750, to be paid by hauling logs for appellee, which contract had been fully complied with.

On motion of appellant appellee filed an itemized account covering items of charge and credit during the period appellant hauled logs for appellee under the contract, which showed on its face charges for advances to the total amount of $1752.43, and credits to the total amount of $997.05, leaving a balance due from appellant to appellee of $755.38. According to the face of the account it ran from August 3, 1918, to December 10, 1919; but appellee testified that a mistake was made in entering the year 1919, as all entries were made in 1918. Appellee further testified that the account was correct and represented the entire hauling or logging transaction. Appellant testified that a part of the account was incorrect and represented duplicate charges. Also testified that he hauled logs for appellant about four months in 1919 after crops were laid by, for which no credit was allowed in the account.

The testimony was in conflict as to whether the sale was with or without reservation of title, and whether appellee breached the contract by failing and refusing to give appellant work, or whether appellant breached it by failing and refusing to work when requested to do so. The real issue joined by the pleadings and evidence was whether appellee or appellant was entitled to the possession of the property, dependent, first, upon whether the title to the property was reserved in appellee by contract until the purchase money should be paid, and, if so, was it to be paid in work? Second if the title was reserved until the purchase money should be paid in work, then was the contract breached by ap-

pellee himself in failing and refusing to furnish appellant with work, or by appellant in failing and refusing to work when requested to do so? and, third, was the property paid for, or had appellant offered to pay for it in accordance with the contract at the time the suit was instituted? In other words, appellee was not entitled to recover possession of the property unless he retained the title, complied with the contract himself, and appellant breached it.

Appellant insists that the issue as thus defined was not clearly presented in the instruction given by the court in submitting the case to the jury. The instruction covers five or six printed pages, and for that reason we shall not attempt to incorporate it in this opinion. No useful purpose could be served by doing so. Suffice it to say that the instruction had a tendency to mislead the jury because it embraced matters and explanations not responsive to the pleadings which obscured the real issue in the case. Again, the instruction assumed that the itemized account was correct, and that appellant owed appellee $755.38 on the hauling or log transaction, a little more than the purchase price of the property. This fact was in dispute. Appellant testified that the statement was incorrect on account of duplicate charges and the failure to give him credit for four months' hauling in the fall of 1919. This question of fact should have been submitted to the jury for determination.

We deem it unnecessary to discuss all objections urged by appellant to the instruction given, as the law governing the issue made by the pleadings has been declared, and no doubt the instructions given upon new trial will conform to the law as declared upon the issue joined.

For the error indicated, the judgment will be reversed and the cause remanded for a new trial.